*New-Haven,*
July, 1834.

Bethany
*v.*
Sperry.

----

### DEXTER *against* HITCHCOCK and another.

Where *A*, in consideration of his indebtedness to *B*, and to secure *B* for his future services and expenses in the management of *A*'s business, and for one dollar received of *B*, sold, assigned and transferred to *B* all the right, title and interest, which *A* had in and to a certain policy of insurance and a bill of lading ; and *A*, at the same time, constituted *B* his attorney, for *A* and in his name, but for *B*'s own use, to sue for, collect and compromise all claims, which *A* had, by virtue of such policy and bill of lading; and *A* afterwards received 2000 dollars on such claims ; it was held, in an action of account, brought by *A* against *B*, charging *B* as the bailiff of *A* and the receiver of his moneys, that *A*, by the assignment, had parted with all his legal interest in the policy and bill of lading, and consequently, could not sustain the action brought ; his only remedy, if he had any, being in chancery.

THIS was an action of account, declaring, that from the 1st of *January*, 1826, to the 1st of *March*, 1828, the defendants were the bailiffs of the plaintiff and receivers of his moneys ; averring particularly, that the defendants, on the 1st of *July*,

1827, received the money due on a policy of insurance belonging to the plaintiff against the *Pacific Insurance Company,* amounting to 5000 dollars, to satisfy the counsel fees of the defendants, and to render a reasonable account thereof and of the balance of said moneys, to the plaintiff, when thereto required. The defendants pleaded *Never bailiffs and receivers.*

The cause was tried, on this issue, at *New-Haven, October* adjourned term, 1833, before *Williams,* J.

On the trial, the plaintiff, in support of his claim, offered in evidence an assignment of the policy, in these words : " Know all men, by these presents, that I, *Normand Dexter* of *New-Haven,* in consideration of my indebtedness, severally, to *Natan Smith* and *Samuel J. Hitchcock,* both of said *New-Haven,* and to secure them for their future services and expenses, as my attorneys and counsellors at law, or as agents to assist me in the management of my business, and in further consideration of one dollar to me in hand paid, the receipt of which is hereby acknowledged, to my full satisfaction, of them the said *Smith* and *Hitchcock,* have sold, assigned, transferred and delivered, and do, by these presents, sell, assign and deliver to them, the said *Smith* and *Hitchcock,* their executors, administrators and assigns, all the right, title, interest, claim and demand, which I have, or ought to have, in, to and by virtue of a certain policy of insurance by the *Pacific Insurance Company of New-York,* duly made and executed, being dated the 4th day of *June,* 1824, for 4,400 dollars ; and all the right, title and interest, claim and demand, which I have, or ought to have, in, to and by virtue of a certain bill of lading, on board of the sloop *China,* of 10 trunks of merchandize, which bill of lading is duly executed by *James Goodrich,* master, and bearing date the 19th day of *May,* 1824 ; of which said policy and bill of lading true copies are hereunto annexed, and also a true copy of the invoice of said merchandize. And I do hereby, for the consideration aforesaid, constitute and appoint the said *Smith* and *Hitchcock,* and each of them, jointly and severally, my true and lawful attorneys, for me and in my name, for their own use, to sue for, collect, settle, adjust and compromise, by mutual agreement, arbitrament or otherwise, as they shall judge best, all claims and demands, which I have in or to, or by virtue of, said policy of insurance, or in, to or by virtue of, said bill of lading and said invoice, upon any or all persons,

corporations, companies or governments, in whatever way said claims or demands may arise, or have arisen ; or in whatever way they may to said policy, bill of lading or invoice appertain or belong. And I do also fully empower the said *Smith* and *Hitchcock*, jointly and severally, fully to discharge, release and acquit all such persons, corporations, companies or governments from all such claims and demands, on such terms as they shall judge best, and to execute all and singular such instruments, agreements, covenants and discharges or releases, in my name, as may be necessary and proper, at their discretion ; hereby ratifying and confirming all and singular the acts of them, the said *Smith* and *Hitchcock*, and each of them, in the premises, as fully as if done by myself. Dated the 31st day of *October*, 1826. *Normand Dexter."*

The plaintiff claimed to have proved, that soon after said assignment, he further assigned, by parol, to *R. I.* and *C. A. Ingersoll*, Esqrs., all his right in and to said policy of insurance and the moneys due thereon ; and afterwards, on the 21st of *March*, 1828, executed a written assignment thereof, counting on said parol assignment. To shew the construction put, by the parties, upon the assignment to the defendants, the plaintiff claimed to have proved, that the defendants, in pursuance of the assignment to the Messrs. *Ingersoll*, paid them thereon, 300 dollars.

The plaintiff also introduced the deposition of *Daniel Lord*, jr., to prove, that he, as attorney for the defendants, on the 4th of *January*, 1828, received of the insurance company, by way of compromise of the above-mentioned claim, 2200 dollars for the defendants, and, on the same day, paid over 2000 dollars to the defendants, and the residue, deducting his fees, soon afterwards.

The defendants objected to all the evidence thus offered or introduced, by the plaintiff; first, because the assignment to the defendants appears to be absolute, and without any accountability on their part ; secondly, because if liable at all, they can only be charged severally, and not jointly, and not at law, but in equity ; thirdly, because there was a variance between the proof and the declaration, the latter alleging that the assignment was made to satisfy the *counsel fees* of the defendants against the plaintiff and to render an account thereof, whereas the assignment was in consideration of an indebted-

HARVARD LAW LIBRARY

*New-Haven,*
*July, 1834.*

*Dexter*
*v.*
*Hitchcock.*

ness to the defendants severally, and one dollar received, and of the expenses of the defendants; fourthly, because proof of the acts and declarations of the defendants was introduced to give a construction to the assignment other than it imported on the face of it.

The last objection was sustained, by the court; but the other objections were overruled, and the testimony admitted.

A verdict was taken, by consent, for the plaintiff; and the defendants moved for a new trial to revise the decisions of the court on the several questions ruled against them.

*R. S. Baldwin,* in support of the motion.

*Ingersoll* and *Mix,* contra.

WILLIAMS, J.   At the time of the trial, it appeared to me, that taking the whole instrument together, it was intended only as collateral security; and therefore, that the plaintiff was entitled to recover.   But I am satisfied, upon further examination, that there is no legal interest remaining in the plaintiff.

In consideration of his indebtedness to the defendants severally, and to secure them for their future services, and in consideration of one dollar, the receipt of which is acknowledged, he sells, assigns and delivers to them all the right, title and interest, which he has in this policy and bill of lading.   Here, then, is an adequate consideration, past indebtedness, future services, and one dollar paid in hand, and sufficient words of grant. And this is not all.   The defendants are appointed his attorneys, in his name, *but for their own use,* to sue, &c.   What language stronger than this could have been used, had he designed to convey to them all his right, without expectation of future benefit?

Aside from the words, " *to secure them* for future advances," I do not see but that the plaintiff would have been considered, both in law and equity, as having parted with all his interest in the policy and bill of lading, so that he could never claim the avails.   And the assignee of a chose in action, we have determined, gains all the interest of the assignor and all his rights, except the right of sueing in his own name.

Supposing, then, it is admitted, that this conveyance was intended to *secure* the defendants merely; these words could not

be construed to give to the plaintiff a greater interest than he would have had, if the usual condition had been inserted.

This assignment was made in *October,* 1826. The plaintiff claims, that the money was received in *July,* 1827. Of course, he cannot claim, that at law he has any right of redemption. If, then, he has any remedy, it is in chancery, and not at law. The testimony, therefore, could not prove the defendants bailiffs and receivers, and ought to have been rejected.

Without, therefore, examining the other questions presented by the motion, I am of opinion, that there must be a new trial.

The other Judges were of the same opinion.

New trial to be granted.